**Dilbagh SINGH, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–71941.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 22, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM ***

Dilbagh Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals dismissing his appeal from an Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding, and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

The IJ's adverse credibility determination rests on, among other things, inconsistencies among Singh's testimony, his application, and his documentary evidence regarding his membership in the Akali Dal Party, and the arrests and detentions he and his wife experienced. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). These discrepancies go to the heart of Singh's claims of past persecution and fear of future persecution. *See id.* Because of these material inconsistencies in Singh's testimony, the IJ properly required Singh to provide corroborating evidence, which Singh failed to do. *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir.2000). Accordingly, the IJ's adverse credibility determination is supported by substantial evidence and Singh has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

As Singh relies on the same evidence, and points to no additional evidence the IJ should have considered regarding the likelihood of torture if returned to India, Singh's CAT claim also must fail. *See id.* at 1157.

### PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.