**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| AMRIK SINGH, | No. 10-72012 |
| Petitioner, | Agency No. A072-012-899 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Amrik Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen to reapply

for relief under the Convention Against Torture ("CAT").  We have jurisdiction

under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely because the motion was not filed within 90 days after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to present evidence of changed circumstances in India to qualify for an exception to the time limit, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

We reject Singh's contention that there are no time limits for filing a motion to reopen to apply for CAT relief. *See* 8 C.F.R. § 1003.2(c)(2). Singh's contention that the BIA did not adequately examine his evidence is belied by the record. We also reject Singh's contention that the BIA applied the wrong legal standard.

To the extent Singh challenges the BIA's March 31, 2005, order denying CAT relief, we decline to consider the contentions because the court previously rejected them in *Singh v. Gonzales*, 356 Fed.Appx. 39 (9th Cir. 2009). *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining under the 'law of the case doctrine,' one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

**PETITION FOR REVIEW DENIED.**